(52 P.3d 360)
No. 88,115

In the Matter of the Marriage of LORRI RIGGLE (BOWLES), *Appellant,* and DAVID W. RIGGLE, *Appellee.*

Opinion filed August 23, 2002.

*Elizabeth Hill,* of Caviar & Hill, L.L.C., of Leawood, for appellant.

*Joseph W. Booth,* of Rose, Nelson & Booth, of Overland Park, for appellee.

Before GERNON, P.J., MARQUARDT and BEIER, JJ.

MARQUARDT, J.: Lorri Riggle Bowles appeals the trial court's decision that a Missouri child support order was modifiable and Kansas law may be applied to terminate child support. We reverse

and remand with instructions for the trial court to apply Missouri law.

David W. Riggle and Lorri were residents of Missouri when they divorced in February 1985. They had two children: Brian, born in 1978, and Kevin, born in 1981. David paid child support in the amount of $150 per month for each child beginning February 1985.

Brian graduated from high school in 1996. He enrolled in 9 hours of college, but received credit for only 1 hour. He received no credit for classes taken in the spring of 1997. Kevin graduated from high school in 1999. In the fall of 1999, he enrolled in 13 hours of college courses. He also enrolled for the spring semester in 2000.

In February 1999, David filed a motion to terminate child support for Brian. Lorri filed a counter-motion to modify child support. In April 2000, the Missouri trial court found that Brian was emancipated effective January 1, 1997, because he failed to successfully complete his college course work. The trial court found that Kevin was entitled to child support through the age of 22 if he passed his classes, and ordered David to pay $391 per month for child support.

In March 2001, the Kansas trial court received a notice of registration of the April 2000 support order under the Uniform Interstate Family Support Act (UIFSA) (adopted by Kansas at K.S.A. 23-9,101 *et seq.*). Lorri objected to the registration. At the time of the hearing on the issue of the registration, all of the relevant parties were Kansas residents. The trial court affirmed the registration and assumed continuing, exclusive jurisdiction over the issue of child support.

When David registered the support order in Kansas, he filed a motion to modify child support, arguing that his child support obligation should end pursuant to K.S.A. 2001 Supp. 60-1610(a) because Kevin had reached the age of majority. The trial court determined that child support in the State of Missouri for a child after he or she reaches the age of 18 is modifiable pursuant to Mo. Rev. Stat. § 452.340.3(5). Accordingly, the trial court found that the procedural and substantive law of Kansas would be applied in

determining the duration of support at future hearings to modify the Missouri support award.

In applying 60-1610(a)(1) to the facts of the case, the trial court determined that child support should terminate no sooner than 30 days after the filing of the motion to modify. All remaining child support orders were ordered to terminate on April 15, 2001. Lorri filed a "Motion for Relief From Judgment," which was ultimately denied. Lorri appeals.

## Timing of the Notice of Appeal

David argues that Lorri's notice of appeal was not timely filed; therefore, this court is without jurisdiction to consider her appeal. David claims that Lorri's notice of appeal was filed after the 30-day limitation set by K.S.A. 2001 Supp. 60-2103(a). In the absence of a motion for extension of time or any excusable neglect, David urges this court to decline jurisdiction and award him attorney fees.

Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018-19, 974 P.2d 578 (1999). A civil appeal must be taken within 30 days from the entry of the judgment. See K.S.A. 2001 Supp. 60-2103(a).

The journal entry determining the applicable choice of law was filed on August 23, 2001. The journal entry terminating child support was filed on August 24, 2001. On September 10, 2001, Lorri filed a motion entitled "Motion for Relief From Judgment" and argued that the journal entry of August 23, 2001, did not accurately reflect the trial court's ruling. However, Lorri claims that the motion was actually a motion to alter or amend a judgment pursuant to K.S.A. 60-259(f). Motions to reconsider, as well as motions for rehearing, have often been treated as motions to alter or amend the judgment. See *Honeycutt v. City of Wichita*, 251 Kan. 451, 460, 836 P.2d 1128 (1992).

In Kansas, generally, the appellate courts look to the content of a motion, and not its title, to determine the relief requested. See *Denno v. Denno*, 12 Kan. App. 2d 499, 501, 749 P.2d 46 (1988). Accordingly, we believe that Lorri's motion is equivalent to a motion to alter or amend the judgment. See *Honeycutt*, 251 Kan. at 460. A motion to alter or amend a judgment must be filed within 10 days of the entry of judgment. See K.S.A. 60-259(f).

In computing the time for filing motions, the day of the act from which the period of time begins to run shall not be included. The last day of the period is included, unless it is a Saturday, Sunday, or a legal holiday, in which case the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday. When the filing period prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. "Legal holiday" includes any day designated as a holiday by the Congress of the United States, or by the legislature of this state. K.S.A. 2001 Supp. 60-206(a).

The journal entry which determined the applicable choice of law was filed on Thursday, August 23, 2001. The time for filing a motion to alter or amend the judgment began to run on Friday, August 24, 2001. Saturday and Sunday, August 25 and 26, 2001, were not included in the 10-day calculation. August 27 through 31 were counted as the 2d through the 6th day. We do not count Saturday, September 1 and Sunday, September 2, 2001, or Monday, September 3, 2001, which was Labor Day. We resume counting on Tuesday, September 4, 2001. According to our calculations, the 10th day fell on Friday, September 7, 2001.

However, when a notice is served on a party by mail, 3 days shall be added to the prescribed period. See K.S.A. 2001 Supp. 60-206(e). It appears that the relevant journal entries were mailed to Lorri. Accordingly, the time to file a motion to alter or amend the judgment would have expired on Monday, September 10, 2001. Given these calculations, Lorri's motion was timely.

Pursuant to K.S.A. 2001 Supp. 60-2103(a), the running of the time for appeal is terminated by a timely motion made pursuant to any of the rules enumerated in the statutes. One of the rules is K.S.A. 60-259, which would include a motion to alter or amend a

judgment pursuant to K.S.A. 60-259(f). Accordingly, the clock governing Lorri's notice of appeal did not begin to run until the trial court ruled on her motion. See *State v. Chiles*, 260 Kan. 75, 77, 917 P.2d 866 (1996).

Lorri's motion to reconsider was heard on October 19, 2001, and the journal entry from that hearing was filed on November 1, 2001. Lorri filed one notice of appeal on September 28, 2001, and an amended notice of appeal on November 19, 2001. The November 19, 2001, notice of appeal covers the August 23, 2001, and August 24, 2001, journal entries. That notice of appeal was filed within 30 days of the ruling on Lorri's motion for reconsideration; thus, it was timely.

After reviewing the applicable statutes and filing requirements for pertinent motions, we are confident that we have jurisdiction to consider the merits of Lorri's appeal. Given this finding, David's request for attorney fees is denied.

### *Choice of Law*

First, Lorri questions whether a Missouri support order is modifiable under Missouri law. Second, she challenges the application of Kansas law instead of Missouri law to determine how long David must pay child support.

Resolution of this matter requires us to interpret certain provisions of the UIFSA. Interpretation of a statute is a question of law, and this court's review is unlimited. An appellate court is not bound by the trial court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something

not readily found in the statute. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions to make them consistent, harmonious, and sensible. *State v. Engles*, 270 Kan. 530, 533, 17 P.3d 355 (2001).

### *Modification of the Missouri Order*

UIFSA was promulgated and intended to be used as a procedural mechanism for the establishment, modification, and enforcement of child and spousal support. UIFSA was designed to correct the problem of multiple support orders under the Uniform Reciprocal Enforcement of Support Act of 1970, K.S.A. 23-451 *et seq*. *Gentzel v. Williams*, 25 Kan. App. 2d 552, 556, 965 P.2d 855 (1998). UIFSA establishes a one-order system whereby all states are required to recognize and enforce the same obligation consistently. A priority scheme is established for the recognition and enforcement of multiple existing support obligations. *Gentzel*, 25 Kan. App. 2d at 557.

UIFSA addresses the ability of courts of this state to modify existing child support orders. According to K.S.A. 2001 Supp. 23-9,613:

"If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order."

When these proceedings were initiated, Lorri, Kevin, and David were all residents of Kansas. In addition, David registered the Missouri judgment in Kansas, and the Kansas trial court assumed continuing, exclusive jurisdiction over the matter.

This matter would be easy to resolve were it not for K.S.A. 2001 Supp. 23-9,611(c), which reads:

"A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child support orders for the same obligor and child, the order that

controls and must be so recognized under K.S.A. 23-9,207 and amendments thereto establishes the aspects of the support order which are nonmodifiable."

This leads us to the question: Is the duration of David's child support obligation modifiable under Missouri law?

In Missouri, generally, a parent's child support obligation ends when a child reaches the age of 18. Mo. Rev. Stat. § 452.340.3(5). However, Mo. Rev. Stat. § 452.340.5 provides that if

"the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs."

Termination of the requirement to continue to pay child support under Mo. Rev. Stat. § 452.340.5 only occurs where the trial court finds that the statutory prerequisites have not been met. See *Kessinger v. Kessinger*, 829 S.W.2d 658, 660 (Mo. App. 1992).

In a case where the child is not physically or mentally incapacitated, in order for child support payments to continue after the child's 18th birthday, the trial court must find that the provisions of § 452.340.5 have been satisfied. *Lyons v. Sloop*, 40 S.W.3d 1, 8 (Mo. App. 2001).

The documentation that is required by § 452.340.5 provides the parent with sufficient information to determine whether the non-custodial parent is still required to support his or her child through college. *Lyons*, 40 S.W.3d at 7. A child's failure to comply with the statutory requirements in one or more semesters relieves the parent of his or her obligation to provide child support during that semester; however, it does not relieve the parent of the responsibility for future payment. To the extent that a child complies with the statutory preconditions for subsequent terms or semesters, he or she remains eligible for parental support until he or she com-

pletes his or her college education or reaches the age of 22, whichever first occurs. *Lyons*, 40 S.W.3d at 8; see *Lombardo v. Lombardo*, 35 S.W.3d 386, 390 (Mo. App. 2000).

In interpreting the Missouri statute, we recognize that there is no case law directly on point, but we feel certain that child support may not be terminated for a child over the age of 18 provided that the child is in compliance with § 452.340.5. The language of the statute is clearly mandatory; the "parental support obligation *shall* continue until the child completes his or her education, or until the child reaches the age of twenty-two." (Emphasis added.)

### Choice of law issue

Lorri argues that the trial court erred by applying Kansas law in terminating David's child support obligation. We question whether we need to address this, since under K.S.A. 2001 Supp. 23-9,611(c), Kansas may not modify David's obligation to pay child support. However, we will examine the trial court's choice of law decision.

UIFSA has a specific choice of law provision which reads:

"The law of the issuing state governs the nature, extent, amount and *duration* of current payments and other obligations of support and the payment of arrearages under the order." (Emphasis added.) K.S.A. 23-9,604(a).

General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. *In re Estate of Antonopoulos*, 268 Kan. 178, 189, 993 P.2d 637 (1999).

K.S.A. 23-9,604(a) clearly establishes that the duration of child support payments must be determined under the law of the issuing state. In this case, that means Missouri law must be applied to the issue of the duration of David's child support payments.

The trial court erred when it modified the Missouri order by applying Kansas law. This case is remanded to the trial court with instructions to apply Missouri law.

Reversed and remanded with instructions.