(186 P.3d 806)
No. 98,290

In the Matter of the Marriage of DONNA VILANDER, f/k/a KORBE, f/k/a DONNA ORMSBEE, *Appellee*, and DAVID ORMSBEE, *Appellant*.

Opinion filed May 23, 2008.

*Cleo G. Murphy*, of Murphy & Freund, of Topeka, for appellant.

*William F. Ebert*, of William F. Ebert, P.A., of Topeka, for appellee.

Before GREENE, P.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: David Ormsbee appeals the trial court's order enforcing an Illinois award of spousal maintenance and child support, claiming the addition of attorney fees and interest was an improper modification of the award. He also claims the award of health insurance costs was improper. We disagree and affirm.

Donna Vilander (formerly Ormsbee) and David entered into a marital settlement agreement (agreement) in July 1985. An Illinois trial court incorporated the agreement into its judgment for dissolution of marriage in December 1985.

The agreement required David to pay Donna $75 twice a month between October 1, 1985, and September 30, 1989 (totaling 104 payments). David also pledged to pay $150 in child support every 2 weeks after the birth of their child; he also agreed to 15% of all net bonuses and raises as additional child support.

The parties also agreed on medical coverage for their child. Donna was responsible for the costs associated with routine checkups, minor ailments, and drug supplies. David agreed to pay for the "hospital, surgical, optical, and orthodontia care and for the extraordinary medical and dental care of the parties' child."

The agreement further provided that David obtain and maintain a major medical insurance policy covering possible major medical needs of their child. In this regard, the agreement required that the major medical policy "shall provide coverage to the minimum extent of the existing medical insurance now available through [David's] employment."

David was obligated to maintain the major medical coverage until the couple's child turned 21 and to provide Donna with proof

of coverage by providing her with a copy of the policy and any amendments thereto.

In July 2004, David moved to terminate his child support obligation; Donna responded with a motion to enforce the existing child support and maintenance order. David later withdrew his motion, and the matter continued on Donna's motion to enforce.

In February or March 2006, the trial court requested and received an amended request for registration of foreign judgment in July 2006, detailing the order and Illinois statutes being enforced. It was determined that David owed $7,575 in maintenance, plus interest, along with $500 in attorney fees. The court also revived the "issues as to unpaid child support and other items in the nature of child support arising out of the Judgment of Dissolution of Marriage."

After hearing and briefs, the trial court ordered David to pay $90,295.25 to Donna. The award covered the following expenses which had accrued since the issuance of the original Illinois order:

| | |
|---|---|
| Maintenance | $21,051.00 (principal = $7,575, interest = $12,976, attorney fees = $500) |
| Orthodontia | $ 5,115.00 |
| Counseling | $ 584.14 |
| Periodontal | $ 556.75 |
| Oral surgery | $ 391.00 |
| Optometric | $ 2,436.00 |
| Health insurance | $50,400.00 |
| Child support due to bonus income | $ 9,760.36 (support = $8,913, interest = $857.36) |

David filed a motion to alter or amend, which was denied. He now appeals.

David first claims res judicata barred the trial court from awarding Donna interest and attorney fees or the spousal maintenance award because the amount of maintenance arrearage had been set in 1988 and that amount did not include any interest or attorney fees.

The issue of spousal maintenance is governed by the Uniform Interstate Family Support Act (UIFSA), which both Kansas, K.S.A. 23-9,101 *et seq.*, and Illinois, 750 Ill. Comp. Stat. ch. 22/100 *et seq.* (2006), have adopted. The interpretation of the UIFSA is a question of law; our review is unlimited. *In re Marriage of Riggle*, 30 Kan. App. 2d 967, 973, 52 P.3d 360, *rev. denied* 274 Kan. 1112 (2002). Under the UIFSA, "a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction." K.S.A. 23-9,603(c).

"The law of the issuing state governs the nature, extent, amount and duration of current payments and other obligations of support and the payment of arrearage under the order." K.S.A. 23-9,604(a).

Under the UIFSA, all other issues are governed by Kansas law. See K.S.A. 23-9,303(a):

"Except as otherwise provided by this act, a responding tribunal of this state:
"(a) shall apply the procedural and substantive law, including the rules on choice of law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings."

### *Res judicata*

The question of whether res judicata applies here is not related to the nature, extent, amount, or duration of the arrearage; accordingly, we will apply Kansas law to determine the issue. Whether res judicata applies in a given situation is a question of law; our review is de novo/unlimited. *O'Keefe v. Merrill Lynch & Co.*, 32 Kan. App. 2d 474, 479, 84 P.3d 613, *rev. denied* 278 Kan. 846 (2004).

Res judicata encompasses both issue preclusion and claim preclusion. Issue preclusion (collateral estoppel) precludes relitigation of issues previously determined. Claim preclusion precludes relitigation of a claim that has been finally adjudicated in a court of competent jurisdiction. *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988). Neither doctrine applies here.

Although David does not distinguish between issue and claim preclusion, it appears to us he is arguing claim preclusion, which prevents parties from relitigating a claim for relief that has been

finally adjudicated. Under claim preclusion, an "issue is res judicata when four conditions concur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made." 242 Kan. at 690.

Although it is clear the issue of whether maintenance should be paid or how much maintenance should be paid cannot be relitigated, the issue of attorney fees is not included in the maintenance award for the purpose of claim preclusion. See *Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 246 Kan. 371, Syl. ¶ 3, 789 P.2d 211 (1990); *Magstadtova v. Magstadt*, 31 Kan. App. 2d 1091, Syl. ¶ 2, 77 P.3d 1283 (2003).

For claim preclusion to apply, a party must be seeking the relitigation of a claim. No such attempt has been made in the present case. Donna is seeking the addition of attorney fees and interest on an award that has already been made. Such a request is consistent with Kansas law.

### Attorney fees

The assessment of costs and attorney fees is within the discretion of the trial court, and its determination will not be disturbed on appeal without a showing of an abuse of judicial discretion. *Fletcher v. Anderson*, 29 Kan. App. 2d 784, 786, 31 P.3d 313 (2001).

Like the statute in *Magstadtova*, the UIFSA specifically grants an enforcing court the ability to award attorney fees to a prevailing party. K.S.A. 23-9,313(b) provides: "If an obligee prevails, a responding tribunal may assess against an obligor filing fees, reasonable attorney fees, other costs and necessary travel and other reasonable expenses named by the obligee and the obligee's witnesses. . . . Attorney fees may be taxed as costs." Likewise, Illinois law grants the initiating court the power to assess attorney fees in connection with arrearage of maintenance. 750 Ill. Comp. Stat. ch. 5/508(b) (2006); see also *In re Marriage of Berto*, 344 Ill. App. 3d 705, 800 N.E.2d 550 (2003).

Under the UIFSA, both the Illinois trial court and the Kansas trial court had the power to impose attorney fees in this case. In its 2006 order, the Illinois court chose to do so; the Kansas court

then chose to enforce that order. There was no abuse of discretion shown.

### Interest

David also claims the trial court erred in including interest in the amount he owed for spousal maintenance. Because his claim relates to the nature, extent, or amount of arrearage, Illinois law controls the issue of interest on arrearage. See K.S.A. 23-9,604(a).

Under Illinois law, a "[s]upport order . . . may include related costs and fees, interest, income withholding, attorney fees and other relief." 750 Ill. Comp. Stat. ch. 22/102 (2006).

Likewise, the Illinois Supreme Court has held the allowance of interest on judgments from the dissolution of marriage lies within the sound discretion of the trial judge. See *Finley v. Finley,* 81 Ill. 2d 317, 331-32, 410 N.E.2d 12 (1980). This ruling applies to spousal support awards. See *In re Marriage of Kaufman,* 299 Ill. App. 3d 508, 701 N.E.2d 186 (1998). And it also applies even if the parties had entered into a settlement agreement prior to the dissolution of their marriage. *In re Marriage of Carrier,* 332 Ill. App. 3d 654, 773 N.E.2d 657 (2002).

Donna has cited two Kansas cases to support her position on this issue; in these Kansas cases, Kansas courts added interest to an out-of-state order at the time of enforcement. See *Summitt v. Summitt,* 31 Kan. App. 2d 812, 74 P.3d 584, *rev. denied* 277 Kan. 928 (2003) (affirming trial court order which included arrearage and accrued interest); *Hale v. Hale,* 33 Kan. App. 2d 769, 108 P.3d 1012 (2005) (acknowledging that interest was included in out-of-state child support award, but reversing on other grounds).

Under Illinois law, the trial court did not err in adding interest to the past-due amount of spousal maintenance owed by David.

### Jurisdiction

David also argues Donna is improperly attempting to revive her maintenance award in Illinois, claiming the support order terminated in October 1989 and, therefore, Illinois did not have jurisdiction over the matter in 2006.

David cites K.S.A. 23-9,205(f) and 750 Ill. Comp. Stat. ch. 22/211(a) in support of his claim that Illinois courts lacked subject matter jurisdiction to adjudicate the maintenance arrearage pursuant to the UIFSA. Both the Kansas and Illinois statutes are the same. They state, in relevant part: "A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation."

Based on this statute, David argues his "support obligation" ended when the fixed term outlining his initial payment schedule expired, rather than when he actually pays the amount of the obligation in full.

David's reasoning is faulty. In Illinois, a "support obligation" is the continuing amount owed until paid in full. See 750 Ill. Comp. Stat. ch. 22/102 (2006) ("duty of support" includes an unsatisfied obligation to provide support); see also *In re Marriage of Thompson*, 357 Ill. App. 3d 854, 855, 829 N.E.2d 419 (2005) (using term "support obligations" to include amount in arrears).

David's argument that the Illinois court lacked jurisdiction to revive the original order is both unsupported by law and illogical. His attempt to circumvent the court order for spousal support based on this argument fails.

Next, David claims the trial court erred in ordering him to reimburse Donna for $50,400 in estimated insurance premium costs to cover major medical events for their daughter.

The law of the issuing state governs the payment of support obligations and arrearage. K.S.A. 23-9,604(a). Accordingly, Illinois law controls this issue.

David concedes "health insurance premiums" qualify as child support under Illinois law and, therefore, the costs of those premiums can be recouped as part of an enforcement proceeding. However, he contests Donna's claim that "major medical premiums" fall into the child support category, providing no legal support for the argument.

The Illinois statute is clear: "The dollar amount of the premiums for court ordered health insurance . . . shall be considered an additional child support obligation owed by the obligor." 750 Ill.

Comp. Stat. ch. 5/505.2(d) (2006). The statute makes no distinction between primary health insurance and major medical insurance. Further, the plain language of the agreement entered into by David requires him to maintain a major medical policy on his daughter; he failed to do so.

During the hearing on this matter, David admitted he did not maintain any health insurance coverage for his daughter after 1992 and could provide no proof that he maintained medical coverage for her before 1992. He also admitted he never provided proof of major medical coverage to Donna, as required by the agreement.

Illinois law clearly provides that whenever "the obligor fails to provide or maintain health insurance pursuant to an order for support, the obligor shall be liable to the obligee for the dollar amount of the premiums which were not paid." 750 Ill. Comp. Stat. ch. 5/505.2(d) (2006).

Here, the trial court accepted an estimated amount for the insurance payments offered by Donna based on the rates she paid over the years. She estimated David's payments would have been $200 a month for 21 years, totaling $50,400. This amount was not contested by David, and the trial court accepted that estimate.

Under these circumstances, the trial court's determination of the amount owed complied with the requirements of Illinois law.

David also claims it is somehow Donna's fault that he failed to provide insurance because she did not seek him out to enforce the agreement on the court order to obtain and maintain major medical coverage for his daughter. Clearly, David did not meet his obligation.

David's arguments on this issue fail to consider the fact that Donna and David entered into—and the Illinois court adopted—the agreement in which David agreed to provide major medical coverage for his daughter. He was aware of his obligation not only to provide the coverage for his daughter, but also to provide proof of that coverage to Donna. Simply put, David did neither, and he cannot now claim his failing should somehow be imputed to Donna.

The ruling of the trial court regarding the imposition of health insurance costs is affirmed.

Finally, David argues the trial court erred in awarding interest on child support. As in the spousal maintenance issue, he claims Donna is improperly requesting a modification of the 1988 order by seeking the addition of interest to the past-due amount of child support. We disagree; Donna is seeking interest on the principal amount owed, not a new award.

As stated several times before, interpretation of the UIFSA is a question of law and, therefore, our review is limited. *In re Marriage of Riggle,* 30 Kan. App. 2d at 973.

And repeating again, the law of the issuing state (here, Illinois) governs the amount and duration of current payments and other obligations of support and the payment of arrearage under the issuing court's order. K.S.A. 23-9,604(a).

Illinois law requires interest to be awarded in child support cases. 735 Ill. Comp. Stat. ch. 5/12-109(a) (2006) provides: "Every judgment arising by operation of law from a child support order shall bear interest as provided in this subsection." Based on the statute, interest on child support orders is mandatory. See 750 Ill. Comp. Stat. ch. 5/505(b) (2006); *Finley,* 81 Ill. 2d at 333 (affirming award of interest on child support payments 10 years overdue); *In re Marriage of Thompson,* 357 Ill. App. 3d at 857-61) (affirming award of remaining child support principal plus statutory interest on arrears).

Under K.S.A. 23-9,603(c), it was the duty of the Kansas trial court to enforce the Illinois order.

David also claims Donna's child support order should be denied because Donna knew his whereabouts in 1988 and 1994 and did nothing. David fails to recognize it was his duty/obligation to pay child support as ordered by the court, whether or not Donna sought him out.

Here, Donna repeatedly registered the Illinois order in Kansas; David repeatedly ignored the order and continued to avoid paying year after year. And now, because of his failure to pay, the amount owed for both child support and maintenance has grown.

The trial court properly decided the issues presented.

Affirmed.