NOT DESIGNATED FOR PUBLICATION

No. 117,742

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES LEE JAMERSON,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 15, 2017.
Affirmed.

*Daniel J. Wernert*, of Wernert Law LLC, of El Dorado, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: James Lee Jamerson contends the district court abused its discretion
by denying his motion for costs of his K.S.A. 60-1501 petition. Finding no abuse of
discretion, we affirm.

*Factual and procedural background*

In 2010, Jamerson, an inmate at the El Dorado Prison, was placed in
administrative segregation. After he spent more than three years in administrative
segregation, he filed a pro se petition for writ of habeas corpus pursuant to K.S.A. 60-

1

1501 with the Butler County district court. His petition alleged that placing him in administrative segregation for 1,125 days violated his due process rights under the Fourteenth Amendment to the United States Constitution. The district court summarily denied Jamerson's petition, finding that Jamerson had not requested relief in a timely manner and that the prison staff had not violated Jamerson's constitutional rights. Jamerson appealed.

We affirmed the district court on direct appeal because Jamerson had failed to state a violation of his constitutional rights. *Jamerson v. Heimgartner*, No. 110,977, 2014 WL 2871439, at *1 (Kan. App. 2014) (unpublished opinion). We explained that Jamerson alleged only that the duration of his placement in segregation constituted a constitutional violation and that Kansas courts had not recognized such a claim. 2014 WL 2871439, at *3-4.

Jamerson then filed a pro se petition for review which our Supreme Court granted in part. The Supreme Court agreed to review solely whether the duration of administrative segregation could, by itself, implicate a liberty interest. But before the Kansas Supreme Court issued its opinion, the parties agreed that Jamerson had been released from administrative segregation. After Jamerson successfully completed a behavior modification program, the prison staff permitted him to return to the general population. *Jamerson v. Heimgartner*, 304 Kan. 678, 680, 372 P.3d 1236 (2016).

Release from segregation was Jamerson's prayer for relief in his 60-1501 petition, so his release mooted his pending appeal. Nonetheless, the Supreme Court issued an opinion in the form of judicial dictum to guide lower courts on this issue, stating that Kansas courts must consider duration of segregation as one factor when determining if a liberty interest is at stake. *Jamerson*, 304 Kan. at 685-86.

After the Supreme Court's decision, Jamerson filed a motion for costs pursuant to K.S.A. 2016 Supp. 60-2002 in the amount of $215.16, claiming the Kansas Supreme Court had ruled in his favor on his K.S.A. 60-1501 petition. His reply brief claimed he should be awarded costs because he set precedent, he got the relief he requested (release from segregation), and his case would have been remanded if he had still been in segregation.

The district court denied Jamerson's motion for costs, finding that Jamerson's case had become moot by operation of law because he had been released from administrative segregation. The district court acknowledged that although our Supreme Court issued guidance to the courts for future inmates, that guidance did not apply to Jamerson's mooted case. Jamerson has timely appealed.

*Did the district court abuse its discretion by denying Jamerson's motion for costs?*

*Standard of review*

In a civil action, the district court, in its discretion, may award costs to the party in whose favor judgment is rendered. See K.S.A. 2016 Supp. 60-2002(a) ("Unless otherwise provided by statute, or by order of the judge, the costs shall be allowed to the party in whose favor judgment is rendered."); *Wendt v. University of Kansas Med. Center*, 274 Kan. 966, 982, 59 P.3d 325 (2002). A habeas corpus petition filed pursuant to K.S.A. 60-1501 is civil in nature. *White v. Shipman*, 54 Kan. App. 2d 84, 89, 396 P.3d 1250 (2017) (citing *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412 [1998]). Accordingly, K.S.A. 2016 Supp. 60-2002(a) governs the award of costs in Jamerson's K.S.A. 60-1501 action.

Because the district court has discretion whether to award costs, we review its denial of Jamerson's motion for an abuse of discretion. *In re Marriage of Vilander &*

3

*Ormsbee*, 39 Kan. App. 2d 715, 719, 186 P.3d 806 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015); *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Jamerson claims solely an error of law.

*Discussion*

Jamerson argues three reasons that the district court committed legal error in denying his motion for costs: (1) he won his appeal with the Kansas Supreme Court because if he were still in administrative segregation, the Supreme Court would have remanded his case for further factual findings; (2) his procedural due process rights were violated before he was released from administrative segregation and, thus, he should be awarded costs to rectify that violation; and (3) prison staff purposefully removed him from segregation for the purpose of mooting his case. We address these three issues separately below.

*Jamerson did not receive a judgment in his favor*

We first address Jamerson's claim that he "won" his case so should be awarded costs. K.S.A. 2016 Supp. 60-2002(a) gives the district court discretion whether to award costs to the party in whose favor judgment is rendered. The Kansas Supreme Court has referred to this as a prevailing party standard. *Wood v. Gautier*, 201 Kan. 74, 78-79, 439 P.2d 73 (1968). In 1983, our Supreme Court adopted the Black's Law Dictionary definition of "prevailing party":

> "'The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent

of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. [Citations omitted.] The party ultimately prevailing when the matter is finally set at rest.'" *Szoboszlay v. Glessner*, 233 Kan. 475, 482, 664 P.2d 1327 (1983) (quoting *Schuh v. Educational Reading Services of Kansas*, 6 Kan. App. 2d 100, 101, 626 P.2d 1219 [1981]).

Under the plain language of K.S.A. 2016 Supp. 60-2002(a), Jamerson cannot receive costs without showing an affirmative judgment rendered in his favor at the conclusion of the entire case.

We agree with the district court that Jamerson was not "the party in whose favor judgment is rendered" for purposes of K.S.A. 2016 Supp. 60-2002(a). Jamerson first had his K.S.A. 60-1501 petition dismissed at the district court level. This court affirmed that dismissal and determined that length of time in segregation alone cannot establish a protected liberty interest. *Jamerson*, 2014 WL 2871439, at *4. The Supreme Court granted review on that issue. *Jamerson*, 304 Kan. at 680. By the time the Supreme Court decided the issue, the parties agreed that Jamerson was no longer in administrative segregation and had successfully completed a behavior modification program. *Jamerson*, 304 Kan. at 680. For that reason, the liberty interest issue was moot. 304 Kan. at 686.

Because Jamerson's case was moot when that issue was decided, the effect of the decision was merely guidance to Kansas courts in the form of judicial dictum, as the Kansas Supreme Court explicitly indicated. *Jamerson*, 304 Kan. at 686 (defining judicial dictum as "an expression of opinion on a question directly involved in a particular case, argued by counsel, and deliberately ruled on by the court, although not necessary to a decision"). The decision had no effect on the merits of Jamerson's 60-1501 petition and granted him no relief since he was no longer in administrative segregation. See 304 Kan. at 686 ("Jamerson's request for relief is now moot, and the courts are without jurisdiction to grant him the relief that he requests."). The Supreme Court expressly noted that its

decision would "not have an immediate impact on [Jamerson's] cause of action, which sought release from segregated placement." 304 Kan. at 680.

We find no error of law in the district court's determination that Jamerson did not win his case at the Kansas Supreme Court level. Its judicial dictum concluded that the duration of segregated placement is one factor in determining whether an inmate's liberty interest was violated. But because other factors, such as the frequency of visitation, access to exercise or work programs, the degree of supervision, and how those conditions compare with the conditions of inmates in the general prison population enter the decision, its ruling did not mean that Jamerson would have succeeded on the merits of his 60-1501 petition had his case been remanded.

*No court found Jamerson's procedural due process rights had been violated*

Jamerson next contends that a court determined that his procedural due process rights were violated. But we find no support in the record for that conclusion. The district court determined, among other matters, that Jamerson's placement in administrative segregation did not violate his constitutional rights, dismissing his 60-1501 petition. This court affirmed that dismissal, finding that Jamerson's petition failed to state a constitutional violation. *Jamerson*, 2014 WL 2871439, at *4. By the time our Supreme Court decided the narrow issue for which it granted review, Jamerson's case was moot. And if his case had not been moot, our Supreme Court would not have determined whether Jamerson's constitutional rights had been violated; that determination would have been left for remand where evidence could be admitted on all the relevant factors.

Jamerson briefly argues that his procedural due process rights were violated before he was removed from administrative segregation, claiming that "his cause of action [is] still alive." But the sole issue before us on appeal is whether the district court abused its discretion in denying costs to Jamerson. We thus have no jurisdiction to determine

6

whether Jamerson's procedural due process rights were previously violated. See K.S.A. 2016 Supp. 60-2103(b) (requiring a notice of appeal to "designate the judgment or part thereof appealed from"); *State v. Bogguess*, 293 Kan. 743, 756, 268 P.3d 481 (2012) (finding we generally obtain jurisdiction only over the rulings identified in the notice of appeal).

*Jamerson's case is moot as a matter of law*

For his last argument, Jamerson claims that the prison staff removed him from administrative segregation for the purpose of mooting his case. He correctly notes that voluntary cessation of illegal conduct does not moot a claim. See *Stano v. Pryor*, 52 Kan. App. 2d 679, 683, 372 P.3d 427 (2016) (finding a defendant cannot cease offensive conduct for the purpose of avoiding an adverse judgment). But Jamerson cites no evidence supporting his assertion that the prison staff removed him from administrative segregation for the purpose of mooting his case. The record shows prison staff removed Jamerson from administrative segregation only after he successfully completed a behavioral modification program. *Jamerson*, 304 Kan. at 680. It is a reasonable inference that Jamerson was released from administrative segregation after 1,125 days because he had completed that behavior modification program.

Jamerson contends that because his administrative segregation could be reinstated at any time, the district court erred in basing its denial of his motion for costs on the determination that his case was moot. Jamerson's argument squarely contradicts the Supreme Court's holding that Jamerson's appeal related to his 60-1501 petition is moot. *Jamerson*, 304 Kan. at 686 (holding that "Jamerson's request for relief is now moot" as a matter of law). The Kansas Supreme Court's determination that Jamerson's case was moot was necessary to its decision and thus was not judicial dictum. The law-of-the-case doctrine "'prevents relitigation of the same issues within successive stages of the *same* suit.'" *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998). Accordingly, issues

7

resolved on appeal "generally cannot be revisited, challenged on remand, or later appealed." *Boucek v. Boucek*, 297 Kan. 865, 870, 305 P.3d 597 (2013) (citing *Collier*, 263 Kan. at 631-34). Such is the case here. Jamerson's case is moot. He received no determination from any court that his liberty interest had been violated by his lengthy administrative segregation.

Jamerson was thus not "the party in whose favor judgment is rendered" for purposes of K.S.A. 2016 Supp. 60-2002(a). Accordingly, the district court did not commit legal error or abuse its discretion in denying Jamerson's motion for costs.

Affirmed.