(889 P.2d 789)
No. 71,245

CITY OF WICHITA, KANSAS, *Appellee*, v. MICHAEL D. RICE,
*Appellant.*

Opinion
filed January 13, 1995.

*Thomas W. Young* and *Stephen M. Kerwick*, of Foulston & Siefkin, of Wichita,
for appellant.

*Sharon L. Dickgrafe*, assistant city attorney, *Gary E. Rebenstorf*, city attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GREEN, P.J., BRAZIL, J., and JAMES J. SMITH, District Judge, assigned.

SMITH, J.: This misdemeanor criminal action arises from a traffic citation charging defendant, Michael Rice, with running a stop sign. Defendant appeals the trial court's ruling denying his motion for judgment of acquittal, the trial court's refusal to grant him a jury trial, and the trial court's refusal to take judicial notice of a municipal ordinance. We affirm.

While driving north on Faulkner Street in Wichita, defendant failed to stop at an intersection marked by a stop sign and collided with a vehicle passing through the intersection on Franklin Street. Defendant conceded that he did not stop but contended he could not stop before entering the intersection because foliage blocked his view of the sign until he was too close to the intersection to stop.

Defendant was tried and convicted in municipal court of running a stop sign. He appealed to the trial court and requested a jury trial. After the case was placed on the jury trial court docket, the City moved for its removal from the docket, arguing that defendant was not entitled to a jury trial on a traffic offense. The court denied the motion, but the City renewed the motion on the day of trial some months after the original decision when the case was assigned to a different judge. This time, the trial judge granted the City's motion, and defendant's appeal of his municipal court conviction was tried to the court.

There was conflicting evidence on whether the sign was visible to northbound drivers. The driver of one of the other cars involved in the accident was familiar with the area, and she returned to the intersection before a city work crew trimmed the foliage around the sign. She testified that although the sign was partially covered by foliage, it was "very visible." She estimated that the top third of the sign was obscured by foliage, but that the red was visible behind the leaves. The bottom two-thirds of the sign, including the word "stop," however, was not blocked.

The police officer who investigated the accident testified that the sign was 15 feet south of the intersection and was visible from 40 feet away, a total of 55 feet from the intersection. She testified that from further back, trees partially blocked the sign from the view of northbound drivers. She testified that the streets were wet and defendant told her he was going 25 miles per hour.

Defendant presented evidence that foliage obscured the sign from the view of northbound drivers. The resident living in the fourth house south of the intersection on the west side of the street testified that foliage blocked the view of the sign from the south and that she had observed many northbound cars go through the intersection without stopping. She had advised the City of the problem not long before the accident, and the morning after the accident a work crew trimmed the foliage. From her side of the street, 200 feet from the intersection, she could only see the white rim at the bottom of the sign and a small amount of the red. She had not, however, driven through the intersection around the time of the accident. Consequently, she could not say how much of the sign was obscured from the view of drivers.

Defendant testified that the sign was completely obscured until he was 40 to 45 feet from it. An engineer called as an expert by defendant testified that it would have taken 66 feet to stop after seeing the sign at 25 miles per hour and 88 feet at 30 miles per hour. Defendant argued that he could not be convicted of running a stop sign that could not be seen until it was too late to stop before the intersection. The trial court found the sign was not obscured from view and found defendant guilty.

Defendant first contends there was insufficient evidence to sustain his conviction. He argues that under the Code of the City of Wichita, a driver cannot be convicted of running a stop sign that is obscured from view until it is too late to stop before an intersection and that uncontroverted evidence established the sign was not visible from far enough away to permit him to stop before the intersection.

Section 11.20.020 of the Code of the City of Wichita provides that "all traffic control signs, signals and devices shall conform to the 'Manual on Uniform Traffic Control Devices,'" and that de-

vices conforming to the manual "shall be official traffic-control devices." The manual provides that an effective traffic control device should command attention, give adequate time for proper response, be kept in proper position, and be clean and legible. The manual also provides that care should be taken that weeds, trees, and shrubbery do not obscure the face of the sign. Section 11.20.030 of the City Code provides that no provisions of the traffic control ordinance "for which official traffic-control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person."

Defendant's argument might have merit if the evidence that the sign was not visible from far enough away to permit northbound drivers to stop was in fact uncontroverted. However, the testimony of the driver of the car struck by defendant conflicts with defendant's evidence. The other driver had an opportunity to see the sign before the foliage around the sign was trimmed. She testified that although the sign was partially covered by foliage, it was "very visible from the south." She estimated that the top third of the sign was obscured by foliage, but stated that the red was visible behind the leaves and the bottom two-thirds of the sign was not blocked.

When a defendant challenges the sufficiency of the evidence, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Timley*, 255 Kan. 286, 307-08, 875 P.2d 242 (1994). The court cannot pass on the credibility of witnesses or weigh conflicting evidence. *State v. Van Winkle*, 254 Kan. 214, 225, 864 P.2d 729 (1993), *cert. denied* ___ U.S. ___, 114 S. Ct. 2168 (1994). Although the other driver was not a disinterested witness and although her testimony was controverted by other witnesses, it was sufficient to support the conviction.

Defendant next contends he was entitled to a jury trial under K.S.A. 1993 Supp. 22-3609(4), which provides that the hearing

on an appeal to the district court from a municipal court conviction "shall be to the court unless a jury trial is requested." The City argues defendant was not entitled to a jury trial because K.S.A. 1993 Supp. 22-3404(5) provides that the trial of "traffic infraction cases shall be to the court."

Whether the enactment of K.S.A. 1993 Supp. 22-3404(5) eliminated jury trials in appeals of municipal ordinance traffic infractions is an issue of first impression. In the one case citing the statute, *State v. Chapman*, 15 Kan. App. 2d 643, 814 P.2d 449 (1991), we held only that it did not apply retroactively to an infraction charged before the statute took effect. The issue is one of statutory construction, which is a question of law on which an appellate court is not bound by the decision of the trial court. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

The two statutes at issue here address the same subject matter—the method of trial of traffic infraction cases in a district court. K.S.A. 1993 Supp. 22-3404(5) expressly refers to traffic infraction cases. K.S.A. 1993 Supp. 22-3609(4) refers to appeals of convictions of violations of municipal ordinances, which include appeals of municipal ordinance traffic infractions.

Defendant also argues that the two statutes conflict and that K.S.A. 1993 Supp. 22-3609(4) is the more specific statute and therefore must control. See *State v. Williams*, 250 Kan. 730, 733, 829 P.2d 892 (1992). The City argues that K.S.A. 1993 Supp. 22-3404(5) is the more specific statute. We find K.S.A. 1993 Supp. 22-3404(5), which specifically addresses the method of trial of traffic infraction cases, is more specific than K.S.A. 1993 Supp. 22-3609(4), which addresses the method of trial of appeals of all types of cases from municipal court. Defendant argues that by enacting K.S.A. 1993 Supp. 22-3404(5) in 1990 without amending the language of K.S.A. 1993 Supp. 22-3609(4), the legislature disclosed an intent to preserve the right to a jury trial in appeals from municipal court, including appeals in traffic infraction cases. He cites *Early Detection Center, Inc. v. Wilson*, 248 Kan. 869, 874, 811 P.2d 860 (1991), in support of this argument.

When K.S.A. 1993 Supp. 22-3404(5) was enacted, the legislature did leave unchanged the language of K.S.A. 1993 Supp.

22-3609(4), which provided that hearing on the appeal shall be to the court unless a jury trial is requested. However, the legislature also left unchanged the similar opening language of K.S.A. 1993 Supp. 22-3404(1) providing that trial of misdemeanor and traffic infraction cases shall be to the court unless a jury trial is requested. Leaving that language of K.S.A. 1993 Supp. 22-3404(1) unchanged did not disclose an intent to preserve jury trials in traffic infraction cases; otherwise, K.S.A. 1993 Supp. 22-3404(5) would be of no effect. Similarly, leaving unchanged the similar language of K.S.A. 1993 Supp. 22-3609(4) did not disclose an intent to preserve jury trials in appeals of traffic infraction cases to district court. If K.S.A. 1993 Supp. 22-3404(5) conflicted with K.S.A. 1993 Supp. 22-3609(4), it would also conflict with K.S.A. 1993 Supp. 22-3404(1).

The two statutes are not in conflict. K.S.A. 1993 Supp. 22-3609(4) does not expressly grant the right to a jury trial. It merely establishes the procedure for requesting a jury trial. K.S.A. 1993 Supp. 22-3404(5) expressly requires trials to the court in traffic infraction cases. An appeal of a traffic infraction case from municipal court to district court is still a traffic infraction case, which, under K.S.A. 1993 Supp. 22-3404(5), must be tried to the court.

Further, the construction of the statutes urged by defendant would reach irrational results, contrary to the general rule of construction that statutes addressing the same subject matter must be read together in an attempt to reconcile their differences and reach sensible and rational results. See *Martindale v. Tenny*, 250 Kan. 621, 631-32, 829 P.2d 561 (1992). Under defendant's construction, a person charged with a traffic infraction in municipal court would be entitled to a trial to the court in municipal court followed by a jury trial in district court, while a person charged with the same conduct in district court would be entitled to only a trial to the court. There is no reason to provide such different procedures for persons charged with the same conduct, and it would be unreasonable to conclude that the legislature intended the prohibition of jury trials for traffic infractions in K.S.A. 1993 Supp. 22-3404(4) to have that effect. Thus, defendant was not entitled to a jury trial.

Defendant next contends the law of the case doctrine bars the trial court from reversing the earlier decision of another trial judge in this case on this issue. Ordinarily, under the law of the case doctrine, once an issue is decided by the court, it should not be relitigated or reconsidered unless it is clearly erroneous or would cause manifest injustice. *Steele v. Guardianship & Conservatorship of Crist*, 251 Kan. 712, 721, 840 P.2d 1107 (1992).

However, a court retains the inherent power to review its own proceedings to correct errors or prevent injustices until a final judgment is entered. *Connell v. State Highway Commission*, 192 Kan. 371, 376, 388 P.2d 637 (1964); *Weber v. Wilson*, 187 Kan. 214, 215, 356 P.2d 659 (1960). The court retains that power even when the same issue is presented to a different judge of the same court in the same case. Although factual issues may be particularly unsuitable for reconsideration, legal issues are more suitable. See 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478 (1981).

As discussed above, the first ruling on whether defendant had a right to a jury trial was erroneous, and the trial court did not err in reversing the ruling of another judge on an issue of law.

Defendant lastly contends the trial court erred in refusing to take judicial notice of the city ordinances and the Manual on Uniform Traffic Control Devices. He concedes that this was not reversible error and that he was permitted to present evidence on the ordinances and manual. As we conclude defendant was not entitled to a jury trial, it is unnecessary to reach this issue.

However, the trial court should have taken judicial notice of the ordinances and the manual. K.S.A. 60-409(b)(1) provides that a court may take judicial notice of ordinances. K.S.A. 60-409(c) provides that a court shall take judicial notice of matters specified in subsection (b) "if a party requests it and (1) furnishes the judge sufficient information to enable him or her properly to comply with the request and (2) has given each adverse party such notice as the judge may require to enable the adverse party to prepare to meet the request."

Defendant gave notice of his request for judicial notice, and the City has not contended that the notice was insufficient. Ar-

guably, defendant may not have provided a sufficient foundation for judicial notice because he presented no affidavit or testimony stating the copies of the ordinances and the manual provisions attached to his motion were authentic and genuine. See *Gannaway v. Missouri-Kansas-Texas Rld. Co.*, 2 Kan. App. 2d 81, 82, 575 P.2d 566 (1978). However, there has been no contention that the copies were not authentic and genuine, and the subject matter was obviously in the possession of the City. The City conceded to the trial court that defendant has probably complied with the provisions of 60-409, entitling the court to take judicial notice of the City's ordinance and, thus, the Manual on Uniform Traffic Control Devices. However, in view of the proper concession of defendant, the failure does not require reversal.

Affirmed.