(988 P.2d 755)
No. 80,276

PATRICIA GRIMMETT, *Appellant,*
v. S & W AUTO SALES CO., INC., *Appellee.*

Opinion filed September 17, 1999.

*William P. Ronan,* of Overland Park, for appellant.

*Donald P. Herron* and *Rodney K. Murrow,* of Herron & Lewis, of Kansas City, Missouri, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and JAMES P. BUCHELE, District Judge, assigned.

BUCHELE, J.: On July 22, 1990, Patricia Grimmett sustained injuries as the passenger in a one-car accident. The driver, Michael Burke, hit a light pole while allegedly driving under the influence of alcohol and/or drugs. On the date of the accident, Burke had picked up the car from Lewis Toyota in Topeka, Kansas, allegedly to deliver the car to S & W Auto Sales Co. (S & W) in Harrisonville, Missouri.

Grimmett filed suit to recover for her injuries against Burke, Lewis Toyota, and S & W (*Grimmett I*). S & W filed a motion for summary judgment, asserting that it had no liability because it did not have an ownership interest in the car and Burke was not its agent. The trial court granted S & W's motion for summary judgment. Grimmett filed a motion to alter or amend the summary judgment decision, which the trial court denied. On October 1, 1992, Grimmett filed a notice of appeal of the summary judgment decision and order denying her motion to alter or amend.

On October 26, 1992, the trial court granted Grimmett's motion to voluntarily dismiss the case (*Grimmett I*) without prejudice. The appeal of the district court rulings granting summary judgment to S & W and denying Grimmett's motion to alter or amend was dismissed by the trial court "with prejudice" on S & W's motion on April 6, 1993.

On March 15, 1993, Grimmett refiled her suit against Burke, Lewis Toyota, and S & W, alleging the same claims made in *Grimmett I*. See *Grimmett v. Burke*, 21 Kan. App. 2d 638, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996). This case is hereafter referred to as *Grimmett II*.

S & W responded to *Grimmett II* with a motion to dismiss, asserting that the summary judgment decision in *Grimmett I* barred plaintiff from bringing the same claims in *Grimmett II* on the grounds of res judicata. In the alternative, S & W filed an answer to *Grimmett II*. The trial court denied S & W's motion to dismiss, ruling that its orders granting S & W summary judgment and denying Grimmett's motion to alter or amend were not final orders and, as such, Grimmett's claims against S & W in *Grimmett II* were not barred by the doctrines of res judicata and collateral estoppel. The trial court ultimately granted S & W's motion for summary judgment on the same grounds as its order in *Grimmett I* and also dismissed or granted summary judgment to the other defendants. Grimmett appealed. It is important to note that S & W did not cross-appeal the trial court's denial of its motion to dismiss asserting the summary judgment granted in *Grimmett I* was res judicata. This court reversed the trial court's decision granting summary judgment to S & W and remanded the case for a trial.

After the case was remanded to the trial court, S & W filed a motion for summary judgment, renewing its res judicata claim. The trial court reconsidered its earlier decision and granted S & W's motion. Grimmett appeals.

We must first consider whether S & W is precluded from reasserting its res judicata defense because it failed to cross-appeal the trial court's denial of its motion to dismiss. There is no direct authority on this question in Kansas.

We begin our analysis with the general rule that a decision of the trial court does not become a final decision until the period for appeal has run and the case has not been appealed or the case has been appealed and finally adjudicated. See K.S.A. 60-254(a); *Osborn v. Electric Corp. of Kansas City*, 23 Kan. App. 2d 868, 872, 936 P.2d 297, *rev. denied* 262 Kan. 962 (1997). If an appeal is dismissed, the lawsuit has ended. Decisions of the trial court become final and conclusive unless corrected or modified on appeal. See *Wirt v. Esrey*, 233 Kan. 300, 308, 662 P.2d 1238 (1983).

A denial of a motion for summary judgment may be reviewed on appeal when asserted as a cross-appeal. See K.S.A. 60-2103(h). It is, of course, necessary that a cross-appeal be perfected in order to obtain appellate review of the adverse decision. *Vaughn v. Murray*, 214 Kan. 456, 462, 521 P.2d 262 (1974). If no cross-appeal is filed, the trial court's undisturbed rulings would become a final decision when the case is finally adjudicated. Grimmett argues that S & W waived its right to raise the issue of res judicata upon remand to the trial court as it failed to cross-appeal the trial court's previous denial of that issue.

In *Grimmett II*, the appellate court did not address the trial court's ruling on S & W's motion to dismiss on the issue of res judicata. The trial court's decision granting summary judgment was reversed, and the case was remanded on other grounds. 21 Kan. App. 2d at 652-53. At that point, the case had not been finally adjudicated and was fully before the trial court.

The statute which deals with judgments upon multiple claims is K.S.A. 60-254(b). This statute provides the court with procedural latitude. Until a final judgment is entered, "the order or other form of decision is subject to revision at any time before the entry of

judgment adjudicating all the claims and the rights and liabilities of all the parties." K.S.A. 60-254(b). The trial court retains the inherent power to review its own proceedings to correct errors or prevent injustices until a final judgment is entered. *City of Wichita v. Rice*, 20 Kan. App. 2d 370, 376, 889 P.2d 789 (1995); see generally *Speer v. Dighton Grain, Inc.*, 229 Kan. 272, 279, 624 P.2d 952 (1981).

We conclude that S & W's failure to assert a cross-appeal does not bar it from reasserting its res judicata defense upon remand because a final judgment had not been entered.

The next question is whether the trial court properly ruled that the summary judgment decision in *Grimmett I* was res judicata between the parties in *Grimmett II*. Application of res judicata is a question of law over which this court has plenary review. See *City of Manhattan v. Huncovsky*, 22 Kan. App. 2d 189, 191, 913 P.2d 227, *rev. denied* 260 Kan. 992 (1996). The Kansas Supreme Court has held that three factors must be present for the application of res judicata principles: (1) The first suit must have proceeded to a final judgment on the merits; (2) the parties must be the same or in privity; and (3) the suits must be based on the same cause of action. *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 397, 949 P.2d 602 (1997). See *Lummus Company v. Commonwealth Oil Refining Company*, 297 F.2d 80, 89 (2d Cir. 1961), *cert. denied* 368 U.S. 986 (1962) (quoting *Comm'rs of Wilson Co. v. McIntosh*, 30 Kan. 234, 238, 1 Pac. 572 [1883]). "[A] question once clearly and fully decided with right of special and separate review may be *res adjudicata*, even though such decision was only an order upon a motion." 30 Kan. at 240.

The Restatement (Second) of Judgments adopted the holding of *Lummus*, suggesting that unless a judgment is avowedly tentative, the preclusive effect of a judgment should be determined by considering: (1) whether the parties were fully heard, (2) whether the court supported its decision with a reasoned opinion, and (3) whether the decision was subject to appeal or, in fact, reviewed on appeal. Restatement (Second) of Judgments § 13, comment g (1980).

Since the *Lummus* decision and publication of the Restatement (Second) of Judgments, several federal circuits and state courts have relaxed the definition of finality for preclusion doctrine purposes. See, *e.g.*, *Wong v. Smith*, 961 F.2d 1018 (1st Cir. 1992) (invoking res judicata); *John Morrell & Co. v. Local Union 304A*, 913 F.2d 544 (8th Cir. 1990) (invoking collateral estoppel); *Siemens Medical Sys. v. Nuclear Cardiology Sys.*, 945 F. Supp. 1421 (D. Colo. 1996) (invoking collateral estoppel); *Ossman v. Diana Corp.*, 825 F. Supp. 870 (D. Minn. 1993) (invoking collateral estoppel); *Davis v. Davis*, 663 A.2d 499 (D.C. 1995) (invoking collateral estoppel); *Cunningham v. State*, 61 Wash. App. 562, 811 P.2d 225 (1991) (invoking collateral estoppel); *Carpenter v. Young*, 773 P.2d 561 (Colo. 1989) (invoking collateral estoppel).

Clearly, plaintiff's claims in *Grimmett I* and *Grimmett II* were based on the same automobile accident and involved the same parties. In *Grimmett I*, the issue of S & W's liability was conclusively determined by the trial court as evidenced by the court's denial of Grimmett's motion to alter or amend the summary judgment decision. In making its decision, the trial court provided a well-reasoned opinion articulating the uncontroverted facts and their associated legal conclusions. The parties filed memorandums in support of their positions and made oral arguments at a hearing on the summary judgment motion, demonstrating the opportunity to fully litigate the issue. Grimmett filed a notice of appeal for the summary judgment decision in *Grimmett I*. Although the trial court dismissed the appeal with prejudice on S & W's motion, it was because Grimmett failed to prosecute the appeal.

We believe that preclusion doctrines should be applied when a party voluntarily dismisses a case after an adverse ruling has been made on a summary judgment motion. Summary judgment procedure, at least from the defendant's point of view, would become a virtual nullity if plaintiffs could obtain "overs" by dismissing and refiling a case rather than fully litigating an adverse summary judgment decision through the appellate process. See *Wong*, 961 F.2d at 1020.

The Kansas Supreme Court in *Stanfield*, 263 Kan. at 396, found that Kansas law does not appear to differ significantly from the

federal law regarding preclusion doctrines. Those principles have been stated by the United States Supreme Court in *Allen v. McCurry*, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980):

" 'The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata [or claim preclusion], a final judgment on the merits of an action precludes the parties or their privies from relitigating issues [or claims] that were or could have been raised in that action. *Cromwell v. County of Sac*, 94 U.S. 351, 352[, 24 L. Ed. 195 (1876)]. Under collateral estoppel [or issue preclusion], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153[, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979)].' 449 U.S. at 94.

" 'The general principle announced in numerous cases [regarding issue preclusion] is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.' *Southern Pacific Railr'd v. United States*, 168 U.S. 1, 48-49, 42 L. Ed. 355, 18 S. Ct. 18 (1897)." 263 Kan. at 396-97.

Federal courts treat summary judgment as a judgment on the merits. 263 Kan. at 400. And federal courts recognize that courts need not apply the same definition of finality in applying preclusion doctrines as for appeal. 18 Wright, Miller & Cooper, Federal Practice and Procedure: Res Judicata § 4434 (1981).

A distinction can be made for different definitions for the finality requirement based upon public policy considerations that support res judicata and the single appeal rule. Res judicata is intended to protect parties from the cost and vexation of multiple suits on the same claim. The single appeal rule, on the other hand, was designed to discourage the piecemeal review of an action. Because

the underlying purposes of the two are vastly different, finality need not be defined the same for both. The Kansas Supreme Court recognized in 1883: "[T]here is a growing disposition to enlarge the scope of the doctrine of *res adjudicata*, and to place more regard on the substance of the decision than on the form of the proceedings." *McIntosh*, 30 Kan. at 238.

We conclude a trial court's decision on summary judgment satisfies the final judgment on the merits requirement for purposes of claim preclusion when the parties were fully heard, the decision is made with a reasoned opinion, and the ruling is subject to appeal or, in fact, reviewed on appeal. See Restatement (Second) of Judgments § 13, comment g (1980); *McIntosh*, 30 Kan. at 239. Although interlocutory when rendered, the trial court's decision became final when the appeal was dismissed.

We are mindful that our decision here has the effect of reinstating a trial court decision that was reversed by this court. But, in *Grimmett I*, plaintiff had her day in court and the opportunity to pursue an appeal. For whatever reasons, she abandoned it. Voluntary dismissal and refiling a claim after an adverse ruling should not give a losing party a "fresh start" or "second opinion." Failure to fully litigate, including appeal, should be construed as an acquiescence to the court's decisions. The general rule which provides that once a party has contested an issue the parties are bound by the result of the contest and that matters once tried shall be forever settled between the parties should prevail. As the United States Supreme Court stated over 65 years ago:

"The predicament in which respondent finds himself is of his own making . . . . [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of *res judicata*, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy. And the mischief which would follow the establishment of a precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship. [Citation omitted.]" *Reed v. Allen*, 286 U.S. 191, 198-99, 76 L. Ed. 1054, 52 S. Ct. 532 (1932).

Affirmed.