Gardner, J.,
dissenting: While I agree with foe majority that *936 the State should not piece-meal its theories about tire legality of a search and try them seriatim, I do not agree that the law of the case doctrine applies here.
The law of tire case doctrine is a discretionaiy policy of the trial court which is not generally raised in tire first instance by an appellate court. “The law of the case doctrine is a discretionary policy which allows the court to refuse to reopen a matter already decided, without limiting its power to do so.” Davin v. Athletic Club of Overland Park, 32 Kan. App. 2d 1240, 1242, 96 P.3d 687 (2004) (citing Bichelmeyer Meats v. Atlantic Ins. Co., 30 Kan. App. 2d 458, Syl. ¶ 2, 42 P.3d 1191 [2001]). The trial court is in the best position to determine whether to enforce that policy. Here, the law of the case doctrine was not raised below, was not raised on appeal, and played no part in tire district court’s decision.
This court raised the issue on its own initiative and invited tire parties to file supplemental briefs regarding the law of tire case doctrine. The parties did so. In its brief, the State contends the doctrine should not apply here because the issue previously examined by the Court of Appeals was solely consent, and the issues of exigent circumstances and inevitable discovery were not decided. The majority does not address that objection.
The State also contends that this is a separate case from Parry I. As the State points out in its supplemental brief, the State dismissed Parry I without prejudice and refiled the case anew. That is not a mere legal fiction to be overlooked. As generally understood, the phrase “without prejudice” means “ ‘there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought.’ ” Frost v. Hardin, 1 Kan. App. 2d 464, 466, 571 P.2d 11 (1977), aff'd 224 Kan. 12, 577 P.2d 1172 (1978).
The majority dismisses the fact that two separate cases are involved by relying on cases which have held that in the “exceptional circumstance” when the State dismisses and refiles a case as a clear subterfuge to avoid dismissal under the speedy trial statute, the court can taclc the time from one case on to another for purposes of computing speed trial time. See State v. Goss, 245 Kan. 189, 192, 777 P.2d 781 (1989). But such cases are not sufficiently anal *937 ogous to persuade me that the two cases here should be considered a “single action” for purposes of the law of the case doctrine.
Such an approach overlooks our caselaw approving the State’s dismissal and refiling of criminal cases for various reasons. See, e.g., State v. Zimmerman & Schmidt, 233 Kan. 151, 155, 660 P.2d 960 (1983) (noting State may refile complaint or appeal tire discharge of defendant resulting from a preliminary hearing); State v. Rowland, 172 Kan. 224, 227-28, 239 P.2d 949 (1952) (finding that where the State seeks and the district judge approves a dismissal without prejudice of the prior case, the procedure does not “prejudice a fresh prosecution on a new information charging Ae identical offense set forth in Ae prior information”). The Supreme Court has noted Aat a Astrict judge may exercise Ascretion to re-entertain a motion to suppress evidence previously ruled on by another judge in Ae same case. State v. Riedel, 242 Kan. 834, 838, 752 P.2d 115 (1988); State v. Jackson, 213 Kan. 219, 226, 515 P.2d 1108 (1973); State v. Olson, 11 Kan. App. 2d 485, 488, 726 P.2d 1347, rev. denied 240 Kan. 805 (1986). And the Court of Appeals has held Aat a Astrict judge has “boA Ae discretion and Ae duty” to consider a suppression issue anew where the State receives a ruling on a suppression motion then Asmisses Ae suit wiAout prejuAce, refiles Ae case, and raises Ae suppression issue again. State v. Heigele, 14 Kan. App. 2d 286, 288, 789 P.2d 218 (1990).
Where, as here, two separate suits are filed for whatever reason, Ae law of Ae case doctrine is inapplicable. In such situations, res juAcata or collateral estoppel may apply. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979) (finAng res juAcata bars a second suit involving the same parties and Ae same cause of action once a judgment has been rendered on Ae merits by a court of law); Collins v. State, No. 99,462, 2009 WL 196194, at *4 (Kan. App. 2009) (unpublished opinion) (finAng where the only Afferences between Ae two motions are a party’s legal Aeories wiA respect to Ae facts, and not Ae operative facts Aemselves, the second motion is properly barred by claim preclusion).
It is unnecessary to examine whether all Ae elements of res juAcata or collateral estoppel are present in this case, however, *938 because in this jurisdiction those are affirmative defenses which this court cannot apply sua sponte.
“Res judicata and collateral estoppel are affirmative defenses. K.S.A. 60-208(c); see Estate of Belden v. Brown County, 46 Kan. App. 2d 247, 262, 261 P.3d 943 (2011). Under K.S.A. 60-208(c), affirmative defenses must be set forth in a defendant’s answer. If an affirmative defense is not asserted in an answer, it is waived. Turon State Bank v. Bozarth, 235 Kan. 786, Syl. ¶ 1, 684 P.2d 419 (1984); Coffman v. State, 31 Kan. App. 2d 61, 67, 59 P.3d 1050 (2002).” Church of God in Christ, Inc. v. Bd. of Trustees, 47 Kan. App. 2d 674, 685, 280 P.3d 795 (2012).
A district court commits error by raising an affirmative defense on its own initiative. Estate of Belden v. Brown County., 46 Kan. App. 2d 247, Syl. ¶ 2, 261 P.3d 943 (2011). Here, no preclusion theory was raised by. a party below or on appeal, and none played any part in the district court’s decision. This court lacks tire authority to assert res judicata or collateral estoppel sua sponte on appeal.
I disagree with the sole basis for the decision given by the majority but given the procedural posture of the case believe any discussion of the merits of the suppression issue would be merely advisory. Accordingly, I dissent.