NOT DESIGNATED FOR PUBLICATION

No. 117,209

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DIANE HANSHEW,
dba H & G PROPERTIES,
*Appellee*,

v.

NATHAN W. WATKINS and SHERRY WATKINS,
dba BLUESTEM VENDING SERVICE,
*Appellants*.

MEMORANDUM OPINION

Appeal from Lyon District Court; DOUGLAS P. JONES, judge. Opinion filed September 1, 2017. Affirmed.

*Monte L. Miller*, of Miller & Miller, Chtd., of Emporia, for appellants.

*Thomas A. Krueger*, of Krueger Law Offices, of Emporia, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: This is the parties' second trip to this court. During the first appeal, Nathan W. Watkins failed to cross-appeal the district court's decision finding his counterclaim was barred by the statute of limitations. Since Watkins did not cross-appeal, it becomes a final order and law of the case. The district court did not err when it denied his motions for new trial and reconsideration. Diane Hanshew moved for attorney fees on appeal. We affirm the district court and deny the motion for attorney fees.

1

FACTS

Hanshew filed a claim against Watkins for past-due rent. Watkins timely filed an answer and counterclaim alleging damages arising from his occupancy of the property. Hanshew moved for summary judgment on Watkins' counterclaim arguing it was barred by the statute of limitations. The district court granted Hanshew's motion for summary judgment.

The case proceeded to a bench trial on Hanshew's petition for past-due rent, and the district court ruled Hanshew's claim was barred by the statute of limitations. Hanshew timely appealed; Watkins did not file a cross-appeal. This court reversed and remanded, finding the district court erroneously applied a three-year statute of limitations instead of the appropriate five-year statute of limitations. See *Hanshew v. Watkins*, No. 114,642, 2016 WL 1732900, at *5 (Kan. App. 2016) (unpublished opinion).

On remand, the district court granted judgment for Hanshew. Watkins filed a motion for new trial, arguing his counterclaim was not barred by the statute of limitations. The district court denied his motion, finding the issue could not be raised again since he failed to cross-appeal the district court's previous ruling. Watkins filed a motion for reconsideration, which the district court denied. Watkins timely appealed.

ANALYSIS

Watkins argues the district court erred in denying his motion for new trial. He asserts he was not required to file a cross-appeal because the dismissal of his counter-claim on summary judgment was not a final judgment. It is within the discretion of the trial court to grant or deny a new trial under K.S.A. 2016 Supp. 60-259(a). A ruling on a motion for new trial will not be disturbed on appeal except upon a showing of abuse of discretion. *Miller v. Johnson*, 295 Kan. 636, 684-85, 289 P.3d 1098 (2012). A judicial

2

action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the ruling is based on an error of law; or (3) is based on an error of fact. *Wiles v. American Family Life Assurance Co.,* 302 Kan. 66, 74, 350 P.3d 1071 (2015). Watkins argued he should be granted a new trial because his counterclaim was not barred by the statute of limitations. The district court held:  "The Court previously ruled that the Defendants' claims were barred by the statute of limitations. No appeal was filed, thus the issues in Defendants' Motion for New Trial cannot be raised at this time and Defendants' Motion is denied."

The district court was correct. Contrary to Watkins' assertion, he could have cross-appealed the district court's grant of summary judgment dismissing his counterclaim.

"[O]ur Supreme Court has held that before an appellee may present adverse rulings to the appellate court, the appellee must file a cross-appeal. If an appellee does not file a cross-appeal, the issue is not properly before the appellate court and may not be considered. *Cooke v. Gillespie*, 285 Kan. 748, 755, 176 P.3d 144 (2008); see K.S.A. 60-2103(h). . . . It is necessary that a cross-appeal be perfected in order to obtain appellate review of the adverse decision. If no cross-appeal is filed, the trial court's undisturbed rulings become a final ruling when the case is finally adjudicated. *Grimmett v. S & W Auto Sales Co.*, 26 Kan. App. 2d 482, 484, 988 P.2d 755 (1999)." *Chesbro v. Board of Douglas County Comm'rs*, 39 Kan. App. 2d 954, 969, 186 P.3d 829 (2008).

"Under . . . K.S.A. 60-2103(h) . . . a cross-appellee may obtain a review of all rulings adverse to him, interlocutory or otherwise, when such rulings may on remand affect the subsequent course of the proceedings. It is, of course, necessary that a cross-appeal be perfected in order for an appellee to obtain a review of such rulings. (See *Gould v. Robinson*, 181 Kan. 66, 70, 71, 309 P.2d 405 [1957]; *Fields v. Anderson Cattle Co.*, 193 Kan. 569, 396 P.2d 284 [1964]; *James v. City of Pittsburg*, 195 Kan. 462, Syl. ¶ 1, 407 P.2d 503 [1965]; and *Reinecker v. Board of Trustees*, 198 Kan. 715, 722, 426 P.2d 44 [1967].)." *Vaughn v. Murray*, 214 Kan. 456, 462, 521 P.2d 262 (1974).

When the district court granted summary judgment on Hanshew's motion against Watkins' counterclaim, the ruling was adverse to Watkins and affected the course of the proceedings on appeal and remand. With no timely cross-appeal by Watkins, the district court's ruling became final. See *Vaughn*, 214 Kan. at 462. Thus, Watkins acquiesced in the district court's ruling and it became law of the case on remand. See *Venters v. Sellers*, 293 Kan. 87, 99, 261 P.3d 538 (2011) (law of the case prevents relitigation of the same issues within successive stages of the same suit); *Grimmett v. S & W Auto Sales Co.*, 26 Kan. App. 2d 482, 488, 988 P.2d 755 (1999) ("Failure to fully litigate, including appeal, should be construed as an acquiescence to the court's decisions.").

*Motion for Attorney Fees*

Hanshew filed a motion for appellate attorney fees in the amount of $2,550 pursuant to Kansas Supreme Court Rule 7.07(c) (2017 Kan. S. Ct. R. 50). Watkins did not respond to the motion. Upon review of the unopposed motion, we find the amount requested to be reasonable. However, Rule 7.07(c) requires us to find the appeal filed by Watkins to be frivolous or taken for purposes of delay or harassment—a finding we cannot make. Therefore, Hanshew's motion for attorney fees is denied.

Affirmed.