No. 123,376

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CAROLYN L. MILLER,
*Appellant*,

v.

KVC BEHAVIORAL HEALTHCARE, INC.,
d/b/a KVC PRAIRIE RIDGE HOSPITAL,
*Appellee*.

SYLLABUS BY THE COURT

Since a preliminary hearing order under K.S.A. 44-534a in a workers compensation case is nonbinding and essentially nonappealable, it does not satisfy the elements of collateral estoppel and has no preclusive effect in subsequent proceedings.

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed January 28, 2022. Reversed and remanded for further proceedings.

*Robert A. Bruce* and *Daniel L. Doyle*, of Doyle & Associates LLC, of Kansas City, for appellant.

*Vaughn Burkholder* and *Eric Turner*, of Foulston Siefkin LLP, of Overland Park, for appellee.

Before MALONE, P.J., POWELL and CLINE, JJ.

CLINE, J.: KVC Behavioral Healthcare, Inc. (KVC) terminated Carolyn Miller for cause a few weeks after she filed a workers compensation claim. Miller sued KVC for wrongful termination while her workers compensation claim was pending. After the administrative law judge (ALJ) preliminarily determined KVC terminated Miller for cause and denied Miller temporary workers compensation benefits, Miller and KVC settled her workers compensation claim. The parties agreed the settlement only resolved

1

the workers compensation claim, and Miller was not giving up any rights in her wrongful termination civil suit.

After the workers compensation settlement, KVC amended its answer in the civil suit to assert new affirmative defenses of res judicata, claim preclusion, collateral estoppel, and issue preclusion. It then moved for judgment on the pleadings, asserting the doctrine of collateral estoppel barred Miller's claim for wrongful termination because the issue of whether KVC terminated Miller for cause was already litigated and decided as part of her workers compensation claim. The district court granted KVC's motion and dismissed Miller's civil suit.

We find the court erred in dismissing Miller's civil suit because the ALJ's order entered under K.S.A. 2019 Supp. 44-534a was preliminary, nonbinding, and nonappealable, and thus could not satisfy the requirements of collateral estoppel. We reverse the dismissal of Miller's civil suit and remand the matter for further proceedings.

FACTUAL BACKGROUND

Miller worked for KVC as a behavioral health tech, assisting children with developmental and behavioral issues. On May 23, 2019, she injured her back at work while playing with the children in a "'bouncy house'" during an event to celebrate the end of the school year. She informed her supervisor of the injury and received authorized medical treatment as a result. She was kept off work for two days and given work restrictions.

After Miller returned to work, she alleges one of her supervisors repeatedly asked her about the workers compensation benefits she was receiving. On June 18, 2019, Miller says he became visibly upset after she told him she was still receiving benefits checks. Later that day, Miller's direct supervisor, Tanise Smith, called Miller into a meeting and

2

terminated her employment. Smith said KVC was discharging Miller for an incident that occurred on May 4, 2019, and three absences, all of which occurred before Miller's work injury.

Miller sued KVC for wrongful termination on August 13, 2019, alleging KVC discharged her because she exercised her rights for workers compensation benefits under the Kansas Workers Compensation Act. KVC answered on October 15, 2019, generally denying Miller's claim.

On October 23, 2019, a preliminary hearing was held under K.S.A. 2019 Supp. 44-534a in Miller's workers compensation case to address Miller's eligibility for temporary total disability (TTD) compensation. The ALJ found KVC legitimately terminated Miller for cause and denied her request for TTD benefits. In support of its findings, the ALJ noted that in the two years before Miller's injury, KVC had written up Miller several times for workplace violations including poor attendance, insubordinate behavior, and failure to follow protocol with a disruptive student. The ALJ also pointed out Miller had an adversarial relationship with Smith.

The ALJ found that the day before the accident, Smith recommended to her supervisors that Miller be terminated for excessive absences, the May 4, 2019 incident, and Miller's resistance to "'coaching'" for the May 4, 2019 incident. Smith lacked the authority to terminate Miller, so her recommendation was passed on to KVC's executive director and others in the chain of command for an ultimate decision. The ALJ acknowledged the timing of Miller's June 18, 2019 termination tended to suggest an association to Miller's injury report. Still, the ALJ found the record showed a history of performance problems before the injury to justify termination.

3

KVC and Miller settled Miller's workers compensation claim, and a settlement hearing was held before a different ALJ on March 3, 2020. After the parties acknowledged the terms of the settlement, the ALJ asked Miller's counsel if she wanted to make a record of any other matters. In response, Miller's counsel mentioned Miller's civil suit. She also clarified, "I just want to make sure that everybody understands that well, not only does the judge, the work comp judge, not have jurisdiction over the civil suit, that in no way, shape or form are we giving up any rights for the civil suit that is currently pending." The ALJ acknowledged he had no jurisdiction over the civil suit, then asked KVC's counsel if he had any questions. KVC's counsel responded, "No questions, Judge. This is just resolving the workers' compensation case." The ALJ went on to approve the workers compensation settlement.

Several months later, KVC filed an amended answer, adding new affirmative defenses of res judicata, claim preclusion, collateral estoppel, and issue preclusion. That same day, KVC moved for judgment on the pleadings, arguing Miller's claim for wrongful termination was barred by issue preclusion because the issue of whether KVC terminated Miller for cause was already litigated and decided at the preliminary hearing in Miller's workers compensation case. The district court granted KVC's motion and dismissed Miller's lawsuit with prejudice. Miller timely appealed.

ANALYSIS

Miller argues on appeal the district court erred by finding a preliminary hearing order under K.S.A. 2019 Supp. 44-534a "conclusively determined" her wrongful termination claim. KVC counters by asserting Miller is reading a requirement of finality into the elements of issue preclusion which it claims does not exist.

4

Because the district court considered matters outside the pleadings in rendering its decision, we apply the same standard of review as we do for summary judgment. See *Fairfax Portfolio LLC v. Carojoto LLC*, 312 Kan. 92, 94, 472 P.3d 53 (2020); K.S.A. 2020 Supp. 60-212(d). And since the parties stipulated to the facts, we need only review the district court's application of the law to those facts to determine de novo if KVC was entitled to judgment as a matter of law based on issue preclusion. See *In re Care & Treatment of Sigler*, 310 Kan. 688, 699, 448 P.3d 368 (2019); *Trear v. Chamberlain*, 308 Kan. 932, 936-37, 425 P.3d 297 (2018); *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012).

Our Supreme Court explained the doctrine of res judicata in *Jackson Trak Group, Inc., ex rel. Jackson Jordan, Inc. v. Mid States Port Authority.*, 242 Kan. 683, 751 P.2d 122 (1988):

> "The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. Claim preclusion prevents parties from relitigating a cause of action that has been finally adjudicated. It is founded on the principle that the party, or some other party in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. An issue is res judicata when four conditions concur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made.
>
> "Res judicata also includes issue preclusion or collateral estoppel, which prevents relitigation in a different claim of issues conclusively determined in a prior action. Under Kansas law, collateral estoppel may be invoked where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. [Citations omitted.]" 242 Kan. at 690-91.

As Miller points out, this appeal centers on whether the ALJ's order denying Miller's request for TTD benefits satisfied the first element of collateral estoppel. Miller contends this "preliminary, non-binding and non-appealable ruling" did not "conclusively determine" the issue of why Miller was discharged. KVC says the dispositive issue in the wrongful termination case was the same issue the ALJ determined in the workers compensation case—whether Miller was terminated for cause—and thus Miller was prohibited from relitigating the issue.

The ALJ's order was issued under K.S.A. 2020 Supp. 44-534a, which sets forth the procedures for a preliminary hearing to address a TTD benefits request. It provides that, except for certain specified jurisdictional findings, "no such preliminary findings or preliminary awards shall be appealable by any party to the proceedings, and the same shall not be binding in a full hearing on the claim, but shall be subject to a full presentation of the facts." K.S.A. 2020 Supp. 44-534a(a)(2). Our court has characterized the K.S.A. 2020 Supp. 44-534a preliminary hearing process as merely an "initial determination," with the goal being to "temporarily secure prompt compensation while the parties proceed with a more thorough exposition of the evidence." See *Butera v. Fluor Daniel Const. Corp*., 28 Kan. App. 2d 542, 544, 18 P.3d 278 (2001); *Hampton v. Professional Security Co.*, 5 Kan. App. 2d 39, 42, 611 P.2d 173 (1980).

Given the statutory restrictions on the potency of a preliminary hearing order under K.S.A. 2020 Supp. 44-534a, we do not find such an order "conclusively determines" the rights of the parties on an issue based on ultimate facts. Under the language of K.S.A. 2020 Supp. 44-534a, the findings made at the preliminary hearing are just that, preliminary. And such an avowedly tentative determination of the rights of the parties does not carry the determinative weight required to preclude further litigation on the issue. See Restatement (Second) of Judgments § 13 Requirement of Finality, comment g (1982) (noting the preclusive effect of a judgment turns on whether the

6

conclusion reached was "procedurally definite" and "preclusion should be refused if the decision was avowedly tentative").

KVC tries to bolster its position by pointing to *Griffin v. Dodge City Cooperative Exchange*, 23 Kan. App. 2d 139, 927 P.2d 958 (1996), but it overstates *Griffin*'s holding. While it is true that this court held in *Griffin* "[t]he doctrine of collateral estoppel may preclude a party in a retaliatory discharge case from relitigating an issue decided in a previous workers compensation proceeding," that issue must have been "conclusively determined" in the workers compensation proceeding before the decision has a preclusive effect. 23 Kan. App. 2d 139, Syl. ¶ 7; see *Jackson Trak Group, Inc.*, 242 Kan. at 690-91. The ALJ order was not preclusive since it was, by statute, a nonbinding, nonappealable order.

*Griffin* did not involve a decision on temporary disability benefits made after a preliminary hearing. It involved both an ALJ and a district court decision on permanent disability benefits; that is, on Griffin's overall workers compensation claim. The ALJ awarded Griffin permanent disability benefits because of a work injury, finding Griffin permanently disabled and unable to perform his former job duties. Griffin's employer appealed to the district court. The district court upheld the ALJ's order, which Griffin's employer appealed to this court. Griffin did not cross-appeal. Griffin's employer then voluntarily dismissed its appeal after it resolved its case with Griffin. 23 Kan. App. 2d at 142.

After dismissal of the appeal and resolution of the workers compensation claim, Griffin filed a retaliatory discharge claim against his employer. Griffin's employer moved for summary judgment, and one of the issues was whether Griffin could perform the duties of his former job. The district court granted Griffin's employer summary judgment, finding Griffin could not perform those job duties. Griffin then appealed, arguing he was "'ready, willing and able'" to resume those job duties. 23 Kan. App. 2d at 143. Griffin's

employer countered that Griffin was collaterally estopped from claiming he could perform his job duties, since the ALJ's award of permanent disability benefits stemmed from its finding that Griffin was permanently disabled and could not, in fact, perform those job duties.

This court found Griffin collaterally estopped from relitigating the "'ability to work'" issue, noting that both the ALJ and the district court had found Griffin unable to perform his job duties. 23 Kan. App. 2d at 143, 150. It also noted that Griffin did not appeal the "final order" in his workers compensation proceeding, the district court order. 23 Kan. App. 2d at 149-52. Thus the final order in *Griffin* (a district court order upholding an ALJ's final order), which this court found had preclusive effect, was different than Miller's preliminary ALJ order in this case.

KVC also argues Miller should be precluded from litigating why she was discharged because she dismissed her workers compensation claim, citing *Grimmett v. S&W Auto Sales Co.*, 26 Kan. App. 2d 482, 988 P.2d 755 (1999). Yet *Grimmett* is also distinguishable. Grimmett sued to recover injuries she sustained in an automobile accident. One of the defendants, S&W Auto Sales Co., Inc., received summary judgment because it had no legal liability for Grimmett's injuries. Grimmett moved to alter or amend the summary judgment decision, which was denied. She appealed, but later voluntarily dismissed her appeal. 26 Kan. App. 2d at 483-84.

Grimmett refiled her lawsuit against the same parties, alleging the same claims, several months later. This court found Grimmett's claims against S&W Auto Sales Co., Inc. in the refiled case were barred by res judicata, based on the prior summary judgment ruling and Grimmett's dismissal of her appeal of that ruling. When explaining its decision, this court noted: "[A] trial court's decision on summary judgment satisfies the final judgment on the merits requirement for purposes of claim preclusion when the

8

parties were fully heard, the decision is made with a reasoned opinion, and the ruling is subject to appeal or, in fact, reviewed on appeal." 26 Kan. App. 2d at 488.

Thus *Grimmett* addressed claim preclusion (not issue preclusion) in the context of a summary judgment decision (not a preliminary, nonbinding order). It also involved a dismissed appeal of that adverse summary judgment decision (not a nonappealable order), followed by a duplicate lawsuit asserting the very same claims (not a pending lawsuit asserting a different claim). Unlike Grimmett, here Miller was not seeking a "fresh start" to avoid the adverse ruling which dismissed her claim. 26 Kan. App. 2d at 488. Indeed, Miller's civil lawsuit was already on file before she received the preliminary ruling in the workers compensation case. And she specifically reserved all rights in that civil lawsuit when she settled and dismissed her workers compensation case (with no objection from KVC).

Res judicata is an important doctrine, grounded in both public policy and common sense. *Grimmett*, 26 Kan. App. 2d at 488 (quoting *Reed v. Allen*, 286 U.S. 191, 198-99, 52 S. Ct. 532, 76 L. Ed. 1054 [1932]); see *Herington v. City of Wichita*, 314 Kan. 447, 458, 2021 WL 5990322, at *7 (2021). It is not a game of "gotcha justice." Infusing a preliminary, nonbinding, and nonappealable order with preclusive effect would not serve public policy or common sense.

KVC seeks to punish Miller for settling and dismissing her workers compensation case, yet it voiced no objection to Miller's recorded reservation of all rights in her civil suit as part of that settlement and dismissal. If we agreed with KVC's position that Miller waived her right to be fully heard on why she was discharged simply by dismissing her workers compensation case after a preliminary order, we would not only discourage settlements, but we would also be ignoring the statutory restrictions on the effect of an order under K.S.A. 2020 Supp. 44-534a (which is against public policy and common sense). And we would encourage parties to stand silent rather than voice their

9

disagreement with an opposing party's recitation of the terms of the parties' settlement (also against public policy and common sense).

Since we are reversing the district court's dismissal of Miller's civil case because of its mistaken application of res judicata, we need not reach Miller's second argument on appeal, which voices an alternative reason for reversal.

Reversed and remanded for further proceedings.