NOT DESIGNATED FOR PUBLICATION

No. 121,620

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PATRICIA NICHOLSON, Individually,
and on behalf of the Heirs-at-law of
Mark Nicholson, Deceased,
*Appellee*,

v.

AVA MARIE MERCER,
*Defendant*,

and

KEY INSURANCE COMPANY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed May 21, 2021.
Appeal dismissed.

*James P. Maloney* and *Abbigale A. Gentle*, of Foland, Wickens, Roper, Hofer & Crawford, P.C.,
of Kansas City, Missouri, for appellant.

*Dustin L. Van Dyk* and *LJ Leatherman*, of Palmer Law Group, LLP, of Topeka, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: This appeal arises out of a wrongful death action brought by
Patricia Nicholson following an automobile-bicycle accident involving her husband,
Mark Nicholson, and Ava Mercer. Unfortunately, Mark suffered severe injuries in the

1

accident and died as a result. At the time of the accident, Key Insurance Company (Key) provided automobile liability insurance coverage to Mercer and provided her with an attorney to defend her in the wrongful death action.

Prior to trial, Mercer agreed to waive her right to a jury trial and to assign to Patricia any claim she may have against Key for bad faith or related causes of action relating to the failure of the insurance carrier to settle the wrongful death action. In exchange, Patricia agreed not to execute any judgment obtained against Mercer or her property.

After Mercer's attorney advised Key that his client did not intend to put on a defense at the trial, Key moved to intervene as a matter of right in order to present a defense as to liability and damages. After a hearing, the district court denied the motion to intervene, and Key timely filed a notice of appeal. However, Key did not seek to stay the underlying action or move to preserve the status quo during the pendency of this appeal.

As a result, the wrongful death action proceeded to a bench trial without Key's participation and without any defense being presented. At the conclusion of the bench trial, the district court found Mercer to be 100% at fault and entered a substantial judgment against her. Patricia then filed a request for garnishment against Key seeking to recover the full amount of the judgment that is currently pending in district court.

On appeal, Key presents two issues: First, whether the district court erred in denying its motion to intervene as a matter of right under K.S.A. 60-224(a)(2); and second, whether the district court erred in entering a judgment based on the evidence presented at the bench trial after denying Key the right to intervene. For the reasons set forth in this opinion, we dismiss this appeal.

FACTS

On June 18, 2017, Mercer was driving her car in Leavenworth County and struck a bicycle being ridden by Mark. Mark died as a result of the injuries he suffered in the accident. Several witnesses to the accident gave statements to law enforcement officers.

Mark's wife, Patricia, filed a wrongful death action against Mercer on January 25, 2018. As Mercer's automobile liability insurance carrier, Key retained an attorney to represent her and defended the case without a reservation of rights. Although Patricia made several demands of Key to pay the $25,000 bodily injury liability limit under Mercer's policy, no settlement was reached by the parties.

Subsequently, Mercer and Patricia entered into a "Contract to Limit Recovery/ Covenant Not to Execute and Assignment of Claims." In the document, Mercer waived her right to a jury trial and stipulated to a bench trial. She also assigned to Patricia any claims she potentially had against Key for bad faith, breach of contract, or other legal theories for failure to settle within the limits of the automobile liability insurance policy. Mercer further agreed to cooperate fully with Patricia's attorneys. In exchange, Patricia agreed not to execute any judgment obtained in the wrongful death action against Mercer's assets. Key was not a party to the agreement between Mercer and Patricia.

Upon providing a copy of the agreement to Key, Mercer's counsel advised that his client did not intend to put on a defense at trial. In response, Key timely moved to intervene as a matter of right in the wrongful death action pursuant to K.S.A. 2020 Supp. 60-224(a)(2). At a hearing on the motion, Key argued that it had an interest in the proceedings that could be substantially impaired if it was not allowed to intervene as a party to the action. Moreover, in light of the agreement between Mercer and Patricia, Key argued that the existing parties did not adequately represent the insurance carrier's interest.

In response, Patricia's counsel represented to the district court that Key could "raise all the defenses that they could raise here" in a subsequent garnishment proceeding after a judgment was entered. When asked by the district court if Key would be "able to contest liability" in the garnishment proceeding, Patricia's counsel stated, "I believe so, yes." Similarly, when asked if Key would also be "able to contest damages" in the garnishment proceeding, Patricia's counsel stated, "Yes." For clarification, the district court then asked if this included "[t]he very issues that would be raised in a trial of this case," and Patricia's counsel responded, "Correct, Your Honor."

After hearing the arguments and representations made by counsel, the district court denied Key's motion to intervene. In doing so, the district court reasoned that Key did not have a substantial interest in the subject matter because it could assert any defenses it could have raised in the wrongful death action—including both liability and damages—in a subsequent garnishment proceeding. Specifically, the district court found that "the interest of the proposed intervenor will not be compromised by disallowing intervention."

Thereafter, Key timely appealed the denial of its motion to intervene. It did not, however, file a motion to stay or to preserve the status quo while the matter was on appeal pursuant to K.S.A. 2020 Supp. 60-262 or K.S.A. 2020 Supp. 60-2103. Accordingly, on July 22, 2019, the wrongful death action proceeded to a bench trial without Key's participation. At the bench trial, Patricia's counsel presented evidence—including the testimony of several witnesses—on the issues of liability and damages. Mercer did not appear at trial, nor did her counsel present evidence or cross-examine the witnesses called by Patricia.

On July 24, 2019, the district court entered a journal entry of judgment that included findings of fact and conclusions of law. In particular, the district court found

4

Mercer to be 100% at fault in causing Mark's injuries and death. Furthermore, the district court entered a judgment against Mercer in the amount of $2,829,892.

About a month later, Patricia filed a request for garnishment seeking to recover the full amount of the judgment from Key, and the district court issued a garnishment order. In response, Key denied that it was obligated to pay the judgment entered against Mercer. Patricia then replied by asserting that Key failed to settle the wrongful death action either negligently or in bad faith. The garnishment proceeding is still pending before the district court.

ANALYSIS

Before we reach the merits of the issues presented on appeal, we find that it is appropriate to address the issue of standing. "'Standing is "a party's right to make a legal claim or seek judicial enforcement of a duty or right." Black's Law Dictionary 1536 (9th ed. 2009).' *Board of Miami County Comm'rs v. Kanza Rail—Trails Conservancy, Inc.*, 292 Kan. 285, 324, 255 P.3d 1186 (2011)." *Gannon v. State*, 298 Kan. 1107, 1121, 319 P.3d 1196 (2014). Because standing is a component of subject matter jurisdiction, "it may be raised at any time and on an appellate court's own motion." *Peterson v. Ferrell*, 302 Kan. 99, 102-03, 349 P.3d 1269 (2015).

Whether a party has standing to seek judicial enforcement of a particular duty or right presents a question of law subject to unlimited review. *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 460, 447 P.3d 959 (2019). "The contours of this burden depend on the stage of the proceedings at which standing is examined." *KNEA v. State*, 305 Kan. 739, 746, 387 P.3d 795 (2017) (citing *Gannon*, 298 Kan. at 1123). "A party without standing is essentially asking a court to render an advisory opinion, which would violate the separation of powers doctrine embodied in the Kansas constitutional framework."

5

*Creecy*, 310 Kan. at 460 (citing *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 750, 189 P.3d 494 [2008]).

As the Kansas Supreme Court has explained, to possess standing a party "must have a 'sufficient stake in the outcome of an otherwise justiciable controversy in order to obtain judicial resolution of that controversy.' *Moorhouse v. City of Wichita*, 259 Kan. 570, 574, 913 P.2d 172 (1996)." *Gannon*, 298 Kan. at 1122; see *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 678, 359 P.3d 33 (2015) (as jurisdictional matter, standing requires court to decide if party alleged sufficient personal stake in controversy's outcome to invoke jurisdiction and justify exercising remedial powers on party's behalf). Generally, this requires demonstrating the party suffered a cognizable injury and that there is a causal connection between that injury and the challenged conduct. *Gannon*, 298 Kan. at 1123.

Ordinarily, appeals from civil cases cannot be taken until all proceedings in the district court have concluded. See K.S.A. 2020 Supp. 60-2102(a) and (b). However, "[a]n order denying an application to intervene is a final appealable order. *State ex rel. Stephan v. Kansas Dept. of Revenue*, 253 Kan. 412, Syl. ¶ 1, 856 P.2d 151 (1993)." *Montoy v. State*, 278 Kan. 765, 765, 102 P.3d 1158 (2005). Here, it is undisputed that Key had a right to appeal from the denial of the motion to intervene and that its notice of appeal was timely filed.

On appeal, Key specifically asks us to "vacate the district court's Journal Entry of Judgment." However, Key—for whatever reason—did not request a stay on appeal or request that this court "preserve the status quo" under K.S.A. 2020 Supp. 60-262 or K.S.A. 2020 Supp. 60-2103. As a result, the underlying proceeding was not stayed. See *In re Estate of Robinson*, 232 Kan. 752, 754, 659 P.2d 172 (1983) (An appeal "'does not of itself operate as a stay of further proceedings in the trial court.'").

Because the underlying proceedings were not stayed, the district court had the authority to proceed to a bench trial on the claims asserted by Patricia against Mercer. Consequently, although it appears that Key has other remedies available to it, we find that Key does not have standing to appeal from the judgment entered by the district court following the bench trial because it was not a party to the litigation at that point. See *Peterson*, 302 Kan. at 103 (As a general rule, a party "cannot assert the claims of another."). Even if we assume that the district court erred in denying the motion to intervene, the appropriate remedy for Key under these circumstances is to pursue its defenses in the garnishment proceedings currently pending before the district court.

Based on our review of the record, it seems clear that the district court anticipated that Patricia would subsequently request a garnishment order against Key and, in turn, Key would be allowed to present all of the defenses that it could have asserted in the trial of the wrongful death action—including defenses as to both liability and damages. Moreover, Patricia's attorney agreed on the record at the hearing on the motion to intervene that Key could do so. We find this procedure adequately protects the interests of the parties and is consistent with this court's opinion in *Davin v. Athletic Club of Overland Park*, 32 Kan. App. 2d 1240, 1245, 96 P.3d 687 (2004).

We, therefore, conclude that this appeal must be dismissed.